Mr. Justice yohnson
delivered the opinion of the Court.
In the consideration of this case, it will he unnecessary to 'consider the correctness of the charge against the defendant, for the injuries done to the plaimiff’s falls and blocks, as it is manifest from the verdict itself, that the jury disallowed it; and the Court concur with the Recorder, that in the absence of any contract, the legal presumption is, that the workman is bound to furnish his own tools and machinery.
The additional charge for superintending the taking down and erecting the frame work anew, is not, I think, supported by the evidence.
By the contract proved, the plaintiff was to superintend the fixing of the mill-stones, pestles and mortars, which includes, necessarily, all the work immediately connected with them; and that a frame was indispensable, will not be denied. Admit, however, that this view is incorrect, and it follows irresistibly that there was no contract on the subject. The evidence negatives the idea of an express contract, and there is no circumstance from which, one can be implied. It was done in the absence and without the knowledge or consent of the defendant; and we have no evidence of his assenting to it at any time, or in any man-»er whatever; and if an artist be permitted to tax his era- *24 ployer without his consent, with all the additional work bio iancy may suggest, there would be no end to it, it would appear unreasonable, at the first view, that the plaintiff .should not be entitled to compensation, tho’ the work war. • not included in the original contract, and was necessary and beneficial to the defendant. And that consideration, probably, induced the jury to find the verdict they did ; and but for the principle involved, Í should have been disposed to acquiesce. The unreasonableness is not howe ■ ver so apparent, when it is recollected this might have been, and probably was, a work of that common character, which did not require the'superintending skill of an artist- and which is usually done at a trifling expense.
The motion is therefore granted.
Justices Cokock, Nott and Huger, concurred',
Mr. Justice Gailti, dissented.